IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO. 1:12 CV 01987
UNITED STATES OF AMERICA, :
:
Plaintiff, : MEMORANDUM OF OPINION AND
: ORDER
-vs- :
:
:
$22,832.00 IN U.S. CURRENCY, et al., :
:
Defendants. :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On August 2, 2012, the United States of America filed a complaint in forfeiture against defendants $22,832.00 in U.S. Currency ("currency") and 2003 Land Rover Range Rover, VIN: SALME11423A125695 ("vehicle"). The United States alleges that the defendants are subject to forfeiture because they constitute proceeds from drug trafficking activities and/or were used or intended to be used to facilitate drug trafficking. (Doc. 1). Claimant Demarco Clayton filed a verified claim for the currency, and claimant Domonique McCaulley filed a verified claim for the vehicle. (Doc. 8, 9).

Pending before the Court are the following motions: the claimants' motions to dismiss the forfeiture complaint (Doc. 10, 12); claimants' motions for return of money illegally seized and motions to quash the seizure warrant (Doc. 16, 17); and the

government's motion to dismiss the claimants' counterclaims (Doc 19). For the reasons that follow, the claimants' motions will be denied, and the government's motion will be granted.

**I. Background**

On December 31, 2011, claimant Mr. Clayton placed a call to 911, complaining that he had been shot. South Euclid police officers responded and found Mr. Clayton lying on the sidewalk near the Stonewater Medical Building in University Heights, Ohio, with a gunshot wound to the abdomen. Situated nearby was the defendant vehicle bearing Ohio license plate FHD-5823, registered to a maroon 2000 Chevy in the name of claimant Ms. McCaulley.

After Mr. Clayton was sent to the hospital, officers took inventory of the vehicle. They observed in plain view on the driver's seat a loaded .45 caliber Millennium semi-automatic handgun. Officers reported the strong odor of marijuana coming from the vehicle. A plastic bag containing marijuana and a silver digital scale covered with a white residue were discovered in the driver's side door compartment. Marijuana was scattered throughout the rear cargo area. A drug detection dog offered a positive alert for the presence of illegal drugs in various parts of the vehicle. Officers discovered $22,832.00 in cash, bundled in $1000 increments, inside a black knit cap in the rear driver's side cargo compartment.

On February 8, 2012, Mr. Clayton was charged with drug trafficking in Cuyahoga Court of Common Pleas. The state sought forfeiture of the currency and the vehicle. On March 28, 2012, the case was dismissed, and a new criminal indictment, similar to the first, but without the forfeiture claim, was filed the same day. On March 29, 2012, the

United States obtained federal seizure warrants for the currency and the vehicle. In administrative forfeiture proceedings, Mr. Clayton filed a claim to the currency, and Ms. McCaulley filed a claim to the vehicle. On August 2, 2012, the United States filed the instant complaint in forfeiture.

The United States maintains that the cash and vehicle are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because they constitute proceeds from drug trafficking activities and/or were used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. § 841(a). The claimants now seek dismissal of the complaint and return of the currency and the vehicle.

**II. Law and Argument**

    **A. The Claimants' Motions**

The claimants first argue that jurisdiction is lacking pursuant to Penn General Casualty Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189 (1935). That case stands for the proposition that "a court may not exercise *in rem* jurisdiction if another court is exercising *in rem* jurisdiction over the same *res*." United States v. $174,206.00 in U.S. Currency, 320 F.3d 658, 660 (6th Cir. 2003) (citing Penn General, 294 U.S. at 195). Pursuant to Penn General, "permitting a second court to exercise jurisdiction and control over a *res* that is already in the first court's jurisdiction would lead to 'unseemly and disastrous conflicts in the administration of our dual judicial system.'" Id. at 660-61. Accordingly, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." Penn General, 294 U.S. at 195. In this instance, the claimants essentially argue that the state court has exclusive *in rem*

jurisdiction over the currency and the vehicle, because the state, having initially seized the property, brought a criminal forfeiture action as part of the original indictment.

The Court disagrees. It is irrelevant that the state made the initial seizure and held the property prior to the United States ultimately taking possession, because "[t]he mere fact that the *res* was at one point in the state's possession does not imply that it was the basis of the state court's jurisdiction." $174,206.00 in U.S. Currency, 320 F.3d at 661. Assuming *in arguendo* that the *res* was the jurisdictional basis for the first indictment, the state court's control of it was terminated when the case was dismissed. See id. Further, with respect to the second criminal indictment, state court jurisdiction was *in personam*, as it was based exclusively on control over the defendants, and not over the *res*. See id. Therefore, because the claimants have not demonstrated that the currency and the vehicle are subject to the *in rem* jurisdiction of the other court, this Court's exercise of *in rem* jurisdiction is proper.

The claimants also contend that the United States has failed to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides the pleading standard for a civil forfeiture complaint brought under 21 U.S.C. § 881. A forfeiture complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed.R.Civ.P. Supp. R. G(2)(f). Pursuant to the Civil Asset Forfeiture Reform Act, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). In this instance, the government's theory of forfeiture is that the money and the vehicle "constitute proceeds from drug trafficking

4

activities and/or were used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. § 841(a)."

Upon due consideration of the complaint, it is the Court's opinion that the government has sufficiently stated facts to meet the above-stated pleading standard. The government alleges that officers, prompted by a 911 call, found Mr. Clayton shot, lying on the ground next to the subject vehicle. The vehicle smelled of marijuana, and a drug detection dog offered a positive alert for illegal drugs. Upon inventorying the vehicle, officers discovered loose and bagged marijuana. The vehicle also contained a loaded handgun, a scale covered in white residue, and $22,832 in cash. The vehicle, a 2003 Land Rover, which Mr. Clayton claimed to own, had license plates belonging to a maroon 2000 Chevy registered in claimant McCaulley's name. The government further alleges that Mr. Clayton had been unemployed for the eight months preceding the seizure, and before that he helped clean up around a barber shop. Mr. Clayton reportedly has a criminal drug history. Ms. McCaulley is employed at the Salvation Army performing secretarial duties, but allegedly purchased the defendant vehicle for $9,180 in cash. In the Court's view, these facts are sufficiently detailed to support a reasonable belief that the government will be able to meet its burden of proof at trial. The claimants' argument is accordingly rejected.

Also without merit are arguments presented in the claimants' motions for return of property and the motions to quash. First, the claimants contend that, in the absence of a showing of a likelihood of success on the merits on the part of the government, the claimants have a constitutional right to the seized currency for the purpose of paying

5

attorney fees. The claimants do not provide, and the Court is unaware of, any authority that would support this argument. It is accordingly rejected.

The claimants also contend that unless the government can prove that the seized property is subject to forfeiture, they are entitled to its immediate return. While the Court does not disagree that the government must prove its case, the claimants have cited no authority that would require return of the currency and the vehicle in the meantime.

Finally, the claimants suggest that under Franks v. Delaware, 442 U.S. 928 (1979), the government's seizure affidavit contains "serious omissions of consequence." As a result, the claimants argue, the affidavit is constitutionally defective.

Under Franks, a party challenging the veracity of an affidavit must make a "substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and that the allegedly false statement was necessary for a finding of probable cause. Franks, 441 U.S. at 155, 156. Alternatively, "[a] Franks hearing may be merited when facts have been omitted in a warrant application, but only in rare instances." Mays v. City of Dayton, 134 F.3d 809, 815 (6th Cir. 1998). The party challenging the affidavit on the basis of an omission must make "a strong preliminary showing that the affiant with an intention to mislead excluded critical information from the affidavit, and the omission is critical to the finding of probable cause." Id. at 816.

In this instance, the claimants have not made the requisite showing, as they offer only conclusory assertions without identifying any specific material fact allegedly omitted from the affidavit with the intention to mislead. The claimants' argument is accordingly rejected.

### B. The Government's Motion

The government argues that the claimants' counterclaims must be dismissed, and the Court agrees. Claimants in an *in rem* civil forfeiture action generally may not file counterclaims against the government. United States v. One Lot of U.S. Currency ($68,000), 927 F.2d 30, 34 (1st Cir. 1991). A civil forfeiture is an action against the property *in rem* and not against the claimant. Id. Under the Federal Rules, a counterclaim is a "claim that . . . the pleader has against the opposing party." Fed. R. Civ. P. 13. Consequently, in this instance, because the government has not filed a complaint against the claimants, they are not in the position to file a counterclaim. The claimants' counterclaims will accordingly be dismissed.

### III. Conclusion

For the reasons stated above, the claimants' motions are denied. (Resolving Doc. 10, 11, 12, 16, 17). The government's motion is granted. (Resolving Doc. 19).

IT IS SO ORDERED.

                                                  /s/ Lesley Wells
                                            UNITED STATES DISTRICT JUDGE

Date:  6 August 2013