UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                          :
UNITED STATES OF AMERICA,          :
                                                          :           CASE NO. 1:12-cv-01987
          Plaintiff,                            :
                                                          :
v.                                                    :           OPINION & ORDER
                                                          :           [Resolving Doc. 36]
$22,832.00 IN U.S. CURRENCY, *et al.*, :
                                                          :
          Defendant.                         :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this forfeiture action, the United States moves to strike Domonique McCaulley's claim to a 2003 Land Rover.[1] The Government asserts that the car should be forfeited as part of the proceeds of drug trafficking activity.[2] Since the start of the proceedings, the vehicle has been sold and the proceeds placed in the United States Marshals' Service Seized Assets Deposit Fund.[3]

The Government argues that McCaulley has only made a "bald assertion of ownership" that does not satisfy the pleading standards for a forfeiture claim. McCaulley's verified claim states: "I do expressly contend that at all times relevant here, I have been the absolute owner of the vehicle. In addition, it is an indisputable fact the vehicle is titled to me."[4]

## I. Standards

The Federal Rules, in pertinent part, state:

---

[1] Doc. 36.

[2] Doc. 1.

[3] Doc. 31.

[4] Doc. 8 at 2.

Case No. 1:12-cv-01987
Gwin, J.

> "A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)."[5]

The Government can move to strike a verified claim that does not meet this standard.[6]

## II. Analysis

The Government says McCaulley's claim is not sufficiently detailed. A claimant must set forth her interest in forfeited property with some specificity "for two reasons: to deter false claims and to allow the Government to focus its discovery requests in a way that would not be possible if it had to guess at the nature of the claimant's alleged interest in the property."[7]

The Government cites to decisions from around the country in which district courts struck forfeiture claims, especially claims for cash, because the claimant did not provide enough detail about his interest in the property.[8] The Government additionally argues that McCaulley does not appear to be the title owner of the car, and that the listed title owner pled guilty to charges that he placed car titles in the names of non-owners in order to disguise the proceeds of drug trafficking.[9] But these are arguments on the merits of the claim, not arguments about the sufficiency of McCaulley's claim itself.

The Government cites only one case in which the forfeited property was a car. In *United*

---

[5] Fed. R. Civ. P. SUPP AMC G(5)(a)(i).

[6] *Id*. at G(8)(c)(i)(A).

[7] *United States v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 562 (D. Md. 2013).

[8] *See*, *e.g.*, *United States v. $57,888.00 in U.S. Currency*, No. 5:10-CV-2022, 2011 WL 2972106, at *3 (N.D. Ohio July 21, 2011) (striking a claim for cash seized at a TSA checkpoint because the "claim is no more than a claim of naked possession"); *United States v. Beech Aircraft A36, FAA Registration No. N5509Y, Serial No. E 2527*, No. 10-CV-01073, 2011 WL 4433949, at *2 (D. Colo. Sept. 22, 2011) (striking a claim where "pleading does not identify the nature of [claimaint's] interest in the property, other than to claim that he (and/or Foreign Enterprises) is the 'rightful owner'").

[9] Doc. 36 at 4, 9-10.

Case No.  1:12-cv-01987
Gwin, J.

*States v. Brown*, the claimant used language nearly identical to that in McCaulley's claim: "Claimant is the sole title owner of the said 2003 Chevrolet Impala."[10] The court found that "Claimant's sole statement is too broad to establish ownership. To validly establish an interest in the property, Claimant must state how and where she acquired the vehicle, including, but not limited to, the person from whom she received it, the date of the receipt, the place of the receipt, and a description of the transaction which established her ownership."[11] McCaulley's claim, as currently asserted, lacks detail about how she came to own the vehicle; the claim merely states the vehicle is hers.

But courts routinely allow claimants to file more detailed claims before using the harsh remedy of striking their claim entirely.[12] A forfeiture claim should sufficiently apprise the Government of a claimant's interest in property and allow the Government to conduct meaningful discovery. This case, filed nearly three years ago, is long overdue for resolution. To facilitate this resolution, the Court will **DENY** the Government's request to strike McCaulley's claim, but will **ORDER** McCaulley to file an amended claim as to her ownership of the car.

The claim will state the person from whom she received the car, the date of the receipt, the place of the receipt, and a description of the transaction which established her ownership. McCaulley

---

[10] No. 3:12-CR-57-1, 2013 WL 2103630, at *5 (N.D.W. Va. May 14, 2013).

[11] *Id*.

[12] *See U.S. v. $304,050.00 in U.S. Currency*, No. 2:12-CV-138, 2012 WL 4953126, at *2 (M.D. Fla. Oct. 17, 2012) ("[D]istrict courts should liberally allow amendments provided that an amendment would not undermine the goals underlying the time restriction and verification requirements of Supplemental Rule G."); *United States v. $104,250.00*, 947 F. Supp. 2d at 566 ("[C]ourts have given claimants a second (or third) chance to comply with Rule G(5)(a) by filing an amended claim that sets forth the claimant's interest in the defendant property in the appropriate detail.").

Case No.  1:12-cv-01987
Gwin, J.

will file this claim by July 1, 2015.

       IT IS SO ORDERED.


Dated: June 3, 2015                  s/            *James S. Gwin*
                                                                        JAMES S. GWIN
                                                                        UNITED STATES DISTRICT JUDGE